JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gregg Hennix and Tawanda Hennix

## DEFENDANTS
Belfor USA Group, Inc., d/b/a "Belfor USA"

**(b)** County of Residence of First Listed Plaintiff: **Montgomery Co., PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Oakland Co., MI**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew L. Miller & Associates - 610.617.1776
15 St. Asaph's Road, Bala Cynwyd, PA 19004

Attorneys *(If Known)*
Greenberg Traurig, LLP - 215.988.7800
1717 Arch Street, Suite 400, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Plaintiff seeks damages for alleged personal injuries allegedly caused by Belfor.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: 04/15/2022
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked*.*  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __451 Harrison Avenue, Glenside, PA 19038__

Address of Defendant: __185 Oakland Avenue, Suite 150, Birmingham, MI 48009__

Place of Accident, Incident or Transaction: __451 Harrison Avenue, Glenside, PA 19038__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐   No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐   No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐   No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/15/2022__    */s/ Joel Max Eads*    __72786__
                         Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)* _____

**B.  Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury *(Please specify)* __Premises Liability__
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Joel Max Eads__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __04/15/2022__    */s/ Joel Max Eads*    __72786__
                         Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGG HENNIX and<br>TAWANDA HENNIX,, h/w,<br><br>Plaintiffs,<br><br>v.<br><br>BELFOR USA GROUP, INC., d/b/a<br>"BELFOR USA" and JOHN DOE<br>PERSONS OR ENTITIES,<br><br>Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO.: _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Belfor USA Group, Inc., d/b/a Belfor Property Restoration, erroneously pled as Belfor USA Group, Inc., d/b/a "Belfor USE" ("Belfor"), through undersigned counsel, hereby removes the above-captioned case from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania, and states as follows:

**INTRODUCTION**

1. On March 14, 2022, plaintiffs Gregg and Tawanda Hennix ("Plaintiffs") filed the complaint against defendant Belfor in the Court of Common Pleas County of Philadelphia County, Pennsylvania. The case is captioned *Gregg Hennix and Tawanda Hennix v. Belfor USA Group, Inc., d/b/a "Belfor USA", et al.*, March Term 2022, Case No. 01349. *See* Complaint, attached hereto as **Exhibit "A."**

2. On March 18, 2022, plaintiff purportedly served the complaint on CT Corporation Systems c/o Belfor USA Group, Inc., with plaintiffs' complaint. Plaintiffs' complaint constitutes all process, pleadings, and orders served upon defendant in this action. *Id.*, at ¶ 7.

3. In their complaint, plaintiffs allege personal injuries resulting from a slip and fall "from a temporary step which consisted of a cinderblock placed by either the staff or a subcontractor of [Belfor], causing Plaintiff to sustain serious and severe personal injuries and damages." *Id.*, at ¶ 7.

4. The complaint asserts causes of action for negligence and loss of consortium. *Id.*, at ¶¶ 1-24.

5. Belfor denies any liability to the plaintiffs under any theory, and denies that any alleged act or omission of Belfor caused or contributed to plaintiffs' alleged damages.

6. Removal of this action is appropriate. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the plaintiffs are citizens of a different state than defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE AND JURISDICTION

7. Venue is proper in this Court because this action is being removed from the state court in which plaintiffs filed their complaint, the Court of Common Pleas County of Philadelphia County, Pennsylvania, which sits within the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. §§ 118(a), 1441(a), and 1446(a).

8. Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States" and in actions between "citizens of a State and citizens or subjects of a foreign state […]" 28 U.S.C. § 1332(a)(1), (2).

9. Removal from a state court to a federal court is thus proper under 28 U.S.C. § 1332 when: (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest.

## BASIS FOR REMOVAL

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441**

   A. **The Parties Are Completely Diverse**

10. Complete diversity exists because plaintiffs are Pennsylvania citizens, and defendant Belfor is a citizen of another state.

11. Plaintiffs allege they reside at 451 Harrison Avenue, Glenside, PA 19038, and are citizens of Pennsylvania. *See* Ex. A, at ¶ 1.

12. A corporation is a citizen of both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

13. Defendant Belfor is a Colorado corporation with its principal place of business in Michigan. *See id.*, at ¶ 2.

14. Accordingly, plaintiffs are diverse from Belfor.

15. Plaintiffs also sue John Doe Persons or Entities whose identities are not yet known. *See id.*, at ¶ 4. However, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

   B. **The Amount-in-Controversy Is Satisfied**

16. A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interests and costs." *Meltzer v. Cont'l Ins. Co.,* 163 F. Supp.2d 523, 525 (E.D. Pa. 2001) (citing 28 U.S.C. § 1332(a)(1)).

3

17. Pursuant to § 1446(a), a defendant seeking to remove a case must include in its notice of removal "a short and plain statement of the grounds for removal." The United States Supreme Court has held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551, 553 (2014) (quoting *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008)). The amount in controversy is determined by the complaint itself. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993); *Hocker v. Kurfeld*, No. 15-04262, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015). "When a complaint does not limit its request to a precise monetary amount, the court must independently appraise the claim's value to determine if it satisfies the amount in controversy requirement." *Hocker*, 2015 WL 8007463 at *2 (citing *Angus*, 989 F.2d at 146).

18. Plaintiff Gregg Hennix alleges that he "sustained serious, painful, debilitating and permanent personal injuries and damages on or about his entire body, including but not limited to, a high grade muscle rupture of the right quadriceps muscle and tendon, which required surgical repair, and cause him to endure great pain, suffering and disability." Ex. A, at ¶ 15. In addition, plaintiff claims that he "has endured in the past, and will in the future continue to endure, great pain and suffering, as well as emotional distress and anxiety." Ex. A, at ¶ 16.

19. In addition to the alleged physical and personal injuries, plaintiff avers that he has "incurred charges for medical and rehabilitative care and treatment in an effort to remedy and ameliorate his injuries, and he may continue to incur said charges for an indefinite time in the future." Ex. A, at ¶ 18).

20. The complaint further alleges that "plaintiff sustained a diminution in his ability to enjoy life and life's pleasures." Ex. A, at PRAYER FOR DAMAGES, WHEREFORE (a)(6).

21. Finally, the complaint alleges that "plaintiff was unable to attend to his usual and daily vocations and avocations, and such disabilities may to some extent be permanent." Ex. A, at ¶ 19.

22. Based on these allegations, the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g.*, *Angus v. Shiley, Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993) (holding that district court correctly denied a motion to remand where plaintiff claimed only emotional injuries from allegedly defective medical device, noting the complaint sought "at least" $40,000 in damages and that plaintiff claimed to have suffered anxiety and various other emotional ailments); *Hocker*, 2015 WL 8007463, at *2 (finding amount in controversy exceeded $75,000 where the complaint alleged, as does plaintiff here, serious medical injuries and medical costs).

23. Courts in this District and around the country routinely hold that cases involving alleged "serious and permanent" physical injuries, like those injuries alleged here, satisfy the amount-in-controversy requirement. *See, e.g.*, *Brent v. First Student, Inc.*, 2020 U.S. Dist. LEXIS 88551, *6–7, 2020 WL 2570355 (E.D. Pa. May 20, 2020) ("Allegations of serious and permanent physical injuries resulting in 'loss of earnings and impairment of earning capacity and medical costs' are sufficient to establish that the jurisdictional minimum is met."); *Toan Nyugen v. Titus*, 2007 U.S. Dist. LEXIS 63731, *10, 2007 WL 2461815 (E.D. Pa. Aug. 29, 2007) (holding that the amount-in-controversy requirement was satisfied because a jury, if it found liability "would not be unreasonable in awarding Plaintiff damages exceeding $ 75,000 if it credited Plaintiff's claims of physical injury and the resulting pain and anguish that has plagued him for the last two-and-a-half years as a result of the accident"); *see also Garcia v. Owens-Brockway Glass Container Inc.*, No.

LA CV16-01889 JAK (RAOx), 2016 WL 9275451, at *3 (C.D. Cal. June 30, 2016) (complaint seeking compensatory damages and damages for pain and suffering related to "severe injuries" is sufficient to demonstrate amount in controversy greater than $75,000) (gathering cases).

24. Because there is complete diversity of citizenship between both plaintiffs and defendant Belfor and because the amount-in-controversy requirement is satisfied, this Court has jurisdiction over the parties' dispute.

## II.   ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.   This Notice of Removal Is Timely.

25. This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within 30 days of plaintiffs' alleged service of the complaint upon defendant Belfor.

### B.   Notice of Removal to Plaintiffs

26. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Belfor will furnish written notice to plaintiffs' counsel and will file a copy of this Notice with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

27. By filing this Notice of Removal, Belfor does not waive any defenses, counterclaims or crossclaims available to it and expressly reserves all such defenses.

### C.   The State Court File Is Attached

28. Pursuant to 28 U.S.C. § 1446(a), Belfor attaches copies of all documents filed in state court, including all process, pleadings, and orders (other than the complaint). Only the state civil cover sheet and complaint, **Exhibit A,** have been filed to date. Defendant Belfor also attaches a copy of the docket as of April 15, 2022 as **Exhibit "B."**

**WHEREFORE,** defendant Belfor respectfully removes this action from the Court of Common Pleas County of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 118(b), 1332, 1441, and 1446.

Dated: April 15, 2022                               **GREENBERG TRAURIG LLP**

                                              */s/ Joel Max Eads*
                                              Joel Max Eads, Esq.
                                              George J. Farrell, Esq.
                                              1717 Arch Street, Suite 400
                                              Philadelphia, PA 19103
                                              T:  215.988.7800
                                              F:  215.988.7801
                                              eadsj@gtlaw.com
                                              farrellg@gtlaw.com

                                              ***Attorneys for defendant Belfor USA Group, Inc., d/b/a Belfor Property Restoration***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 15, 2022, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served *via* the Court's CM/ECF system, and electronic mail, upon all counsel of record:

Andrew L. Miller, Esquire
Andrew L. Miller & Associates, P.C.
15 St. Asaph's Road
Bala Cynwyd, PA 19004
amiller@amillerlaw.com

*Attorney for Plaintiffs Gregg Hennix and Tawanda Hennix*


*/s/ Joel Max Eads*
Joel Max Eads, Esq